

# IN THE
## TENTH COURT OF APPEALS

### No. 10-19-00235-CV

### IN THE INTEREST OF S.R., JR., A CHILD

### From the 278th District Court
### Madison County, Texas
### Trial Court No. 18-16060

## MEMORANDUM  OPINION

Amy and S.R., Sr. appeal from a judgment that terminated their parental rights to S.R., Jr.  Amy complains that the trial court erred by not providing proper admonishments regarding the appointment of counsel and by refusing to timely appoint counsel, the trial court erred by failing to determine the child's status as an Indian child pursuant to the Indian Child Welfare Act (ICWA), 25 U.S.C. §1912, and that the Department erred by failing to inquire as to the child's status as an Indian child once it was put on notice.  S.R., Sr. complains that the trial court erred by failing to properly admonish him and denying his request for appointed counsel at the adversary hearing, that the evidence was insufficient for the trial court to have terminated his rights pursuant to Family Code Section 161.001(b)(1)(D), and that the trial court erred by failing to

determine the child's status as an Indian child pursuant to the ICWA. Because we find that the trial court reversibly erred in not properly admonishing Amy and S.R., Sr., we reverse the judgment of the trial court and remand this proceeding for a new trial.

**REQUEST FOR COUNSEL**

In Amy and S.R., Sr.'s first issues, they complain that the trial court erred by not properly admonishing them or appointing them counsel at the adversary hearing conducted shortly after S.R., Jr.'s removal. When Amy and S.R., Sr. appeared at the adversary hearing, there had been an agreement reached regarding the placement of the child. However, prior to taking testimony, the Department advised the trial court that Amy and S.R., Sr. were requesting the appointment of counsel. The trial court denied their request at that time because the trial court determined that because the parents were agreeing with the temporary placement of S.R., Jr. with Amy's parents, they were not in opposition to the lawsuit. Shortly after the adversary hearing, the parents jointly filed a *pro se* motion to dismiss the case. At the status hearing, the trial court did not admonish the parents regarding their right to counsel. At the end of the first permanency hearing, when the Department indicated that it wished to remove the child from its agreed placement with Amy's parents, both parents ultimately requested and were appointed separate counsel, who represented them throughout the rest of the proceedings.

S.R., Sr. argues that the trial court's failure to admonish him properly regarding his right to counsel and to appoint him counsel at the adversary hearing irreparably prejudiced his case. Amy requests that the proceeding be reversed and remanded so that

she could be properly admonished regarding the right to counsel at the onset of the lawsuit.

Section 107.013(a)(1) mandates the appointment of an attorney ad litem for an indigent parent who opposes the termination of the parent-child relationship in a suit filed by the Department. TEX. FAM. CODE ANN. § 107.013(a)(1). To trigger the process for mandatory appointment of counsel in a termination proceeding, a parent must file an affidavit of indigence pursuant to Rule 145 of the Texas Rules of Civil Procedure. TEX. R. CIV. P. 145; *In re B.C.*, No. 19-0306 (Tex., Dec. 20, 2019), *available at* https://www.txcourts.gov/media/1445387/190306.pdf.

Additionally, the trial court is required to admonish a parent at the first hearing at which the parent appears of: (1) their right to be represented by an attorney, and (2) if they are indigent and appearing in opposition to the suit, the right to have an attorney appointed to represent them in the proceedings. TEX. FAM. CODE ANN. § 107.013(a-1)(1), (2). Additionally, at the status hearing and all permanency hearings, the trial court is required to admonish a parent who is not represented by an attorney of the right to be represented by an attorney, and if they are indigent and appear in opposition of the suit, of their right to a court-appointed attorney. TEX. FAM. CODE ANN. § 263.0061(a)(1).

The record does not indicate that the trial court gave the parents the proper admonishments at the adversary hearing, the status hearing, or the first permanency hearing. At the adversary hearing, the parents and the Department reached an agreement for the temporary placement of the child, which the trial court informed the parents

meant that they were not in opposition to the suit, and refused to consider appointing counsel for either parent. The record indicates that although they were in agreement with placing the child temporarily with Amy's parents, both Amy and S.R., Sr., but particularly S.R., Sr., were not in agreement with the Department's involvement. The trial court erred by not providing the proper admonishments to the parents regarding their right to counsel for the adversary hearing, the status hearing, and the first permanency hearing. However, the duty to appoint counsel was not triggered because the parents had not filed an affidavit of indigency required by Section 107.013(d), although the record appears to show that the trial court did not allow them to do so because of its erroneous belief that the parents were not in opposition to the suit. *See In re B.C.*, No. 19-0306 (Tex., Dec. 20, 2019), *available at* https://www.txcourts.gov/media/1445387/190306.pdf.

As relevant to this proceeding, Rule of Appellate Procedure 44.1(a)(1) states that this judgment may not be reversed unless this Court concludes that the error "probably caused the rendition of an improper judgment." TEX. R. APP. P. 44.1(a)(1); *In re B.C.*, No. 19-0306 (Tex., Dec. 20, 2019), *available at* https://www.txcourts.gov/media/1445387/190306.pdf. Amy and S.R., Sr. were deprived of the appointment of counsel prior to the adversary hearing, and were subsequently without counsel at the status hearing, the dismissal hearing, and the first permanency hearing conducted by the trial court. While Amy and S.R., Sr. were ultimately appointed counsel near the end of the first permanency hearing, they were without counsel for approximately one-third of the time the case was pending. At the first permanency

hearing, the Department was recommending removal of the child from Amy's parents due in part to conduct of Amy and S.R., Sr. Both Amy and S.R., Sr. testified in the hearings without the benefit of the advice of counsel. Their conduct after the adversary hearing and the testimony that was given at those hearings where they were unrepresented was included in the evidence presented at trial in determining whether or not they had completed their service plans and was relevant to the best interest finding supporting the termination. In this case, given the circumstances, we find that the error was not harmless and reversal is required. TEX. R. APP. P. 44.1(a)(1). We reverse and remand this proceeding for a new trial. Amy and S.R., Sr.'s first issues are sustained. Because we have determined that this proceeding is to be reversed for a new trial, it is not necessary to address Amy and S.R., Sr.'s other issues.

**CONCLUSION**

Having found that the trial court erred by failing to properly admonish the parents of their right to counsel, we reverse the judgment of the trial court and remand this proceeding for a new trial.

TOM GRAY
Chief Justice



Before Chief Justice Gray,
    Justice Davis, and
    Justice Neill
Reversed and remanded
Opinion delivered and filed December 31, 2019
[CV06]